## GERK v. UNITED STATES.

## WOODCOCK v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
June 11, 1929.

Nos. 8428, 8429.

W. N. Jamieson, of Omaha, Neb., for appellants.

James C. Kinsler, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Philip M. Aitken, Asst. U. S. Atty., of Lincoln, Neb., and George A. Keyser, Asst. U. S. Atty., of Omaha, Neb.

Before KENYON and VAN VALKEN-BURGH, Circuit Judges, and OTIS, District Judge.

VAN VALKENBURGH, Circuit Judge. The appellants in the above-entitled causes were jointly indicted for violations of sections 3281 and 3282, R. S. U. S. (26 USCA §§ 193, 306, 307). The indictment contained four counts: The first, for unlawfully and feloniously making 700 gallons of mash fit for the production of spirits, said mash not having been made on the premises of a duly authorized distillery; the second, for unlawfully and feloniously fermenting said mash, the same not having been fermented on the premises of a duly authorized distillery; the third, for unlawfully and feloniously separating 24 gallons of alcoholic spirits from a ferments mash, appellants not being authorized distillers; and the fourth, for unlawfully and feloniously engaging in carrying on the business of distillers with intent to defraud the United States of a tax on the 24 gallons of spirits by them distilled. Upon trial a verdict of guilty was returned on all counts. Judgment and sentence followed, from which these appeals are taken.

The assignments of error relied upon by appellants are, in the brief of their counsel, divided into three classes. Numbers 1 to 6, inclusive, challenge the legal sufficiency of the evidence. Numbers 10, 11, and 14 complain "that the court erred in admitting certain testimony in evidence over their specific objections; that errors of law occurred during the trial which were duly excepted to; and that the court erred in refusing to sustain certain motions to strike testimony received in evidence." No. 7 assigns as error the action of the court in overruling a motion entitled "Motion to quash search warrant and to return or suppress evidence."

A number of the six assignments comprising the first class are so general that they present nothing to this court for consideration. Lawson v. United States (C. C. A.) 297 F. 418, 419; Harris v. Newsom (C. C. A.) 23 F.(2d) 652. However, without unnecessary discussion, it may be said that the evidence introduced by the government in support of the indictment was ample to support the verdict of the jury.

With respect to the specifications of error comprising the second class, it is sufficient to say that these specifications fail to quote the substance of the evidence admitted, concerning which error is alleged, as required by rules 11 and 24 of this court; nor are the errors of law said to have occurred during the trial sufficiently specified.

■ The remaining specification, and that upon which practically entire emphasis is laid, concerns the action of the court in overruling the motion to suppress certain evidence produced by the government. Appellant Woodcock was at one time the owner of a small two-room structure, referred to in the indictment and in the evidence as a shack, located on the bank of Silver Lake and on lots 7, 8, and 9 of block 5, in Smiley and George addition to South Sioux City, Neb. She testified that on November 20, 1926, she sold this property to one G. M. Delles for the sum of $300, and introduced a contract of purchase purporting to show payments on the purchase price aggregating $150. She lived with her daughter about two blocks distant from this shack, and appellant Gerk lives at the same place.

On the night of February 21, 1927, federal prohibition officers detected the odor of fermenting mash emanating from this shack, and heard what they describe as the roar of gasoline pressure burners in the building. Upon investigation, they found that the door was padlocked on the outside and that there was no light within. Shortly thereafter they noticed some one approaching. They saw appellants enter the building, and directly thereafter a light appeared. The officers entered and immediately placed appellants under arrest. They found a still in operation, distilled liquor pouring from the coil into a crock, about 700 gallons of finished sugar mash, and 24 gallons of whisky. It was this physical evidence of the violations charged that the motion of appellants sought to suppress.

In explanation of their presence at the building, appellant Woodcock testified that she had done practical nursing, and that she had received a telephone message from a man who gave the name of Phillips, to the effect that the man who bought the place was sick and wanted her services as a nurse; that Gerk went with her because she did not wish to go alone. Appellants deny that the door was locked. The undisputed testimony is that appellant Woodcock had not lived in this house, where the still, liquor, and mash were found, for about 16 years.

■ The offenses charged in this indictment are defined in sections 3281 and 3282, R. S. U. S. (Comp. Stat. §§ 6021 and 6022 [26 USCA §§ 306, 307]), and are statutory felonies, being punishable by imprisonment in a penitentiary. It is well established that "it is not only the right, but the duty, of a peace officer to arrest, without warrant, one whom he finds attempting to commit, or one who is committing, or has committed, a felony in his presence, or within his view," and he "may arrest, without a warrant, one whom he has reasonable or probable grounds to suspect of having committed a felony." 5 C. J. pp. 398, 399. And this right exists in the case of a statutory felony as well as in the case of a felony at common law. Also, "when a man is legally arrested for an offense, whatever is found upon his person or in his control which it is unlawful for him to have and which may be used to prove the offense may be seized and held as evidence in the prosecution." Carroll v. United States, 267 U. S. 132, 158, 45 S. Ct. 280, 287 (69 L. Ed. 543, 39 A. L. R. 790), and cases cited. This court has held that:

"To justify such a search or seizure without a warrant by such an officer in a store, dwelling or other such structure, he must have direct personal knowledge through one or more of his five senses of sight, hearing, smell, taste or touch that the persons suspected whose premises are to be searched or whose property is to be seized are committing the suspected misdemeanor in his presence." Brock v. United States (C. C. A.) 12 F.(2d) 370, 373.

The rule thus announced finds abundant support in the cases. Garske v. United States (C. C. A. 8) 1 F.(2d) 620, 622; Lambert v. United States (C. C. A. 9) 282 F. 413; Elrod v. Moss et al. (C. C. A. 4) 278 F. 123; Park v. United States (C. C. A. 1) 294 F. 776, 784; O'Connor v. United States (D. C.) 281 F. 396; United States v. Borkowski (D. C.) 268 F. 408.

Probable cause is a belief reasonably arising out of circumstances. The officers had neither search warrant nor warrant of arrest, but were made aware, by their senses of smell and hearing, of violations of the internal revenue laws in the building in which appellants were found. This, coupled with the approach of appellants, and their ready access to a building which the officers had found to be securely locked, gave reasonable ground to believe that an offense had been, was being, and was about to be committed by these parties. This belief proved to be well founded. The officers entered at once and immediately placed appellants under arrest. It is testified that one of them, Gerk, was in the act of regulating the burner under the still. It would appear that the evidences of the offense were openly exposed. At any rate, whatever search and seizure were made succeeded the arrest.

There is no evidence in this record that this building was being occupied and used as a residence, but the contrary is convincingly indicated. Mrs. Woodcock had not lived in it for many years, and testifies that she had sold it to a man named Delles. Neither of appellants made, or make, any claim to ownership or possession of the building .or contents. It is difficult to perceive any legal basis for their motion to suppress evidence.

We find in the record no reversible error, and the judgment accordingly is affirmed.