## KOHLER CO. v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
June 25, 1929.

No. 2325.

Daniel J. Triggs and Louis K. McNally, both of Boston, Mass., for appellant.

A. Chesley York, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Before BINGHAM and ANDERSON, Circuit Judges and MORRIS, District Judge.

ANDERSON, Circuit Judge. The Elk Breeding & Grazing Association, Inc., procured from the claimant by conditional sale an independent electric lighting plant, which was installed in an outbuilding on the farm owned by the association, which was there carrying on the business of raising and sell-ing elk. Concededly, the Kohler Company is an innocent owner of a plant furnished by it for the purpose of generating electricity to supply light and power for legitimate purposes. But this plant was by wire connected with another building, where illegal stills were being operated, and used to furnish light and power for these stills.

The place was raided by prohibition officers, and the stills and other property used in connection with them were seized, including this electric plant. A libel for forfeiture was filed under section 25 of title 2 of the National Prohibition Act (27 USCA § 39), which provides:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title, or which has been so used, and no property rights shall exist in any such liquor or property."

This section contains no provision for protecting the rights of innocent owners of property so used, corresponding to the protection given by section 26 (27 USCA § 40) to automobiles, etc., used in connection with the transportation of illicit liquor.

The court below said:

"The statute makes forfeitable two different kinds of property, viz., that designed for manufacturing liquor and that which—whether designed for it or not—'has been so used.' This electric plant was not 'designed' for the manufacture of liquor. Such independent plants are widely used for legitimate purposes. Whether it had 'been used' for the manufacture of liquor within the meaning of section 25 is a close question. That electricity generated by it had been availed of in operating the stills is undisputed. The evidence is not clear to what extent, if any, it was also used for legitimate purposes around the farm and herd."

But finding the dominant use of this electric plant was in connection with the still house, the District Judge found and ruled that it was used in illegal manufacture of liquor within the meaning of section 25, and decreed forfeiture.

This amounts to interpreting section 25 as authorizing the forfeiture of all property actually used in connection with the illegal manufacture of liquor, although by nature not peculiarly adapted for the manufacture of liquor. Compare Mellet & Nichter Brewing Co. v. United States (D. C.) 296 F. 765, 770.

The appellant's counsel has presented to us an able and persuasive argument, to the effect that the language quoted above in

section 25, fairly interpreted, would relate the pronoun "which" in the clause "which has been so used" to "property designed for the manufacture of liquor," thus excluding property not designed for the manufacture of liquor. This restriction of the clause "which has been so used" to "property designed for the manufacture of liquor intended for use in" violation of the National Prohibition Act is consistent with the general policy of our law to protect property rights. It accords with the view of the Supreme Court thus expressed in Street v. Lincoln Safe Deposit Co., 254 U. S. 88, at 95, 41 S. Ct. 31, 33 (65 L. Ed. 151, 10 A. L. R. 1548):

"An intention to confiscate private property, even in intoxicating liquors, will not be raised by inference and construction from provisions of law which have ample field for other operation in effecting a purpose clearly indicated and declared."

It is consistent with the ruling of this court in Giles v. United States (C. C. A.) 284 F. 208, page 210, that the purpose of section .25 is to put illegal liquor and property *designed to make it* into the same category as are gambling instruments, counterfeit money, and other outlawed articles. See also United States v. 63,250 Gallons of Beer (D. C.) 13 F.(2d) 242, and Weinstein v. United States (C. C. A.) 293 F. 388, 389.

The construction given by the learned District Judge—that any property, by whomsoever owned, actually used in the illicit manufacture of liquor, is subject to forfeiture—is so broad as to cover even the plant of a great public service corporation, with thousands of customers, provided current for the illicit manufacture of liquor was obtained from such a plant. We cannot adopt that broad construction of section 25.

On the other hand, we have no doubt that if utensils and materials usable in the manufacture of liquor are, by the actual owner thereof, assembled and intended for use or used in such illicit manufacture, section 25 makes such utensils and materials contraband; that they are "designed" for illicit use within the meaning of section 25 and subject to forfeiture. Compare Goldsmith, Jr.-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; Van Oster v. Kansas, 272 U. S. 465, 468, 47 S. Ct. 133, 71 L. Ed. 354, 47 A. L. R. 1044, and cases cited; Commonwealth v. Certain Motor Vehicle, 261 Mass. 504, 159 N. E. 613.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.