**MARGGRAF v. LEWIS, Prohibition Administrator, et al.**

**No. 4322.**

District Court, D. Massachusetts.

Nov. 19, 1930.

Coulson, Donovan & Hargedon, of Lawrence, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass., for defendants.

MORTON, District Judge.

This is a proceeding to forfeit a Chevrolet truck on the ground that it was used in connection with an illegal brewery. It is brought under National Prohibition Act, title 2, § 25 (27 USCA § 39). The facts are as follows:

Federal prohibition officers discovered an illegal brewery in operation in Methuen, Mass. Shortly before the officers took temporary possession of the brewery, the truck drove into the brewery yard and backed up to the loading platform. The plaintiff admitted to the officers that the brewery belonged to him, and that the truck in question was his also; it was registered in his name. The truck was loaded with parts of a filter press used in the brewery, which had been sent away for repairs, and about 1,200 pounds of ice which was also used there in the manufacture of beer. The brewery was a large one, for an illegal plant, and a truck may well have been part of the equipment for use in connection with it. The claimant was present at the time of the seizure and spoke to the driver of the truck in the presence of the officers, saying that the seizure was his (Marggraf's) affair, and for the driver to keep out of it; he said nothing indicating that the truck had been used without his knowledge or without his orders. The

circumstances tend to show that the use of it was with his assent if not under his direction; and this inference is strengthened by the fact that the claimant has offered no evidence that he kept the truck for legitimate purposes and its use on this occasion in connection with the brewery was casual and accidental.

The leading case in this circuit is Kohler Co. v. United States (C. C. A.) 33 F.(2d) 225, 226, 66 A. L. R. 713, where the test is stated as follows: "On the other hand, we have no doubt that if utensils and materials *usable* [italics mine] in the manufacture of liquor are, by the actual owner thereof, assembled and intended for use or used in such illicit manufacture, section 25 makes such utensils and materials contraband; that they are 'designed' for illicit use within the meaning of section 25 and subject to forfeiture."

In the present case the truck was "useable" in connection with the manufacture of liquor, and it was being so used, and it was apparently intended by its owner to be so used. On these facts, I am of opinion that the truck was forfeitable.

Decree accordingly.