## UNITED STATES v. SOMMERHAUSER.

### No. 1505.

District Court, D. Kan. Second Division. April 29, 1932.

Sardius M. Brewster, U. S. Atty., and Dan B. Cowie, Asst. U. S. Atty., both of Topeka, Kan.

Charles L. Carson, of Wichita, Kan., for defendant.

McDERMOTT, Circuit Judge.

The defendant pleaded guilty to having in his possession certain property designed and intended for the manufacture of intoxicating liquor, more particularly described as a copper still, 15,000 gallons of mash, 22 bags of sugar, a gasoline engine, and a Chevrolet truck. The government has filed a motion for an order of forfeiture against the truck. The defendant has filed a motion to return to him the truck, the 22 bags of sugar, and the gasoline engine. The matter has been submitted upon an agreed statement of facts which makes no mention of the gasoline engine at all, and no mention of the sugar, unless it is to be inferred that the sugar on the truck was the 22 bags that were seized. There being nothing before the court, as to the engine and the sugar, except defendant's unverified motion, I turn to the motion of the government to forfeit the truck.

The facts stipulated as to the truck are these: It is a stock model Chevrolet truck, and on the night of April 15, 1931, was loaded with sugar. A prohibition agent concealed himself in the truck, and rode with it to its destination. The truck drove up in front of an open door to a shed on a farm, and a still was being operated in the shed. The truck was not unloaded.

That the defendant pleaded guilty to the second count of the indictment is of no help in the inquiry. That count charged him with possession of a 900-gallon copper still complete. It is conceded that such still is designed for the manufacture of intoxicating liquor. Being in possession of that still, the defendant was guilty of the offense charged in the count. The plea of guilty is an admission that the defendant committed the offense charged, but it throws no light upon the question of whether the Chevrolet truck, named in the indictment, is subject to forfeiture under the federal statutes.

There is an inference, from the facts stated, that the still was designed for the manufacture of whisky from sugar, and that the sugar was being transported to the still, in this truck, for the purposes of such man-

ufacture. It is, however, no more than an inference, for the agreed statement discloses only that a truck loaded with sugar was left standing in front of a shed in which a still was being operated; from these bare facts, it is very doubtful whether a court, in a criminal proceeding, would be justified in assuming that the whisky was being manufactured from sugar rather than from corn, and that the sugar on the truck was destined for use in that still. The Eighth Circuit, in Day v. United States, 37 F.(2d) 80, was confronted with the question of whether the officers were justified in arresting, without a warrant, a man who was unloading sugar from a truck which was backed up to a building in which a still was being operated. In an exhaustive opinion by Judge Kenyon, it was held that the arrest was not justified. In that connection the court said, at page 82 of 37 F.(2d): "It cannot be assumed that mere possession of sugar is any proof that it is to be used in an illicit still. It could hardly be assumed that a man driving a truck that had sugar upon it, and driving it within the sphere where officers smelled fermented mash, was engaging in the commission of a crime in the presence of the officer. Appellant was not found in any close connection with the operation of the stills. The mere transportation of the sugar was not a crime."

However, I am of the opinion that the truck does not fall within the scope of section 25 of title 2, of the National Prohibition Act (27 USCA § 39). The government states that it is proceeding under section 25, and no other section; there was no evidence that liquor was being transported by the truck, so section 26 of title 2 of the act (27 USCA § 40) cannot be used; having proceeded against the defendant under the Prohibition Act, forfeiture under the revenue laws is not attempted. The pertinent parts of section 25 are as follows: "It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this chapter or which has been so used, and no property rights shall exist in any such liquor or property. ☩ ☩ ☩ If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order." 27 USCA § 39.

The government's contention is that the object of the National Prohibition Law is to discourage the manufacture of liquor, which is of course conceded. It further argues that the statute should be liberally construed to carry out that object. But, in construing the statute, primary consideration must be paid to the language used by Congress, and the language of the Supreme Court of the United States in Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 95, 41 S. Ct. 31, 33, 65 L. Ed. 151, 10 A. L. R. 1548, cannot be ignored: "An intention to confiscate private property, even intoxicating liquors, will not be raised by inference and construction from provisions of law which have ample field for other operation in effecting a purpose clearly indicated and declared."

There is no claim that this truck had ever been theretofore used for the manufacture of liquor. The sole claim of the government is that this stock model Chevrolet truck is "property designed for the manufacture of liquor." The government contends that the word "designed" means the use to which the owner intends to put the property. "Design" is sometimes synonymous with "intent"; but physical property has no intention; and ordinarily, if property is spoken of as "designed," it refers to the purpose for which it was constructed. An ordinary truck may be used as an aid in the manufacture of liquor; the owner intends to so use it; but the owner did not design the truck; the truck was designed by its manufacturer for the transportation of any commodity; no person would ever colloquially say that an ordinary truck was "designed for the manufacture of liquor." In Woolford Realty Co. v. Rose, 52 S. Ct. 568, 76 L. Ed. —— (decided May 16, 1932), Justice Cardozo reaffirmed the doctrine that "the popular or received import of words furnishes the general rule for the interpretation of public laws."

The government, realizing this, resorts to construction and refers to section 18 of title 2 of the act (27 USCA § 30) which makes it unlawful to advertise, manufacture, sell, or possess, utensils "designed, or intended" for use in the unlawful manufacture of intoxicating liquor. The fact that in section 25 Congress was content to use the word "designed," without the accompanying phrase "or intended," used in section 18, bears against the government, if it bears at all. There is perhaps some further significance in the fact that in the same sentence in section 25 Congress uses the phrase "intended for use" in connection with the liquor manufactured. The use of different words, in the same sentence, negatives the idea that "designed" means "intended for use."

The Third Circuit has held that an electric light plant, which supplied the power for

a still, was not subject to confiscation under this section. The court held that section 25 did not authorize a forfeiture of property not peculiarly adopted for the manufacture of liquor. Kohler Co. v. United States, 33 F. (2d) 225, 66 A. L. R. 713. The court expressed the opinion, obiter, that, if utensils and materials usable in the manufacture of liquor are assembled and intended for use in such illicit manufacture, such utensils and materials would be contraband. Relying upon this statement, the District Court of Massachusetts held that a truck could be confiscated under this section. Marggraf v. Lewis, 45 F.(2d) 247.

A more satisfactory answer to the question propounded, to my mind, is found by reading sections 25 and 26 together. Section 26 deals specifically with automobiles and other vehicles used in the transportation of liquor. Elaborate provisions are made for the seizure of such vehicles, for the return of them upon bond, for the protection of lienors, and for the disposition of the vehicles forfeited. Section 26, dealing with automobiles, distinctly recognizes property rights in automobiles used in the transportation of liquor. Section 25 distinctly says that "no property rights shall exist in any such liquor or property." If the government is right, we have the bizarre situation of section 26 recognizing a property right in automobiles used in the transportation of liquor, with provisions for the protection of lienors, while under section 25 there is no such property right, and no such protection, in automobiles transporting sugar which might later be converted into liquor.

Section 26, dealing with automobiles, provides for the preservation of the automobile itself, by providing for a sale and the disposition of the proceeds. Under the Act of May 27, 1930 (27 USCA § 42), it is provided that trucks forfeited may be delivered to the Department of Justice for use in the enforcement of the law, and the government in this case requests that this truck be turned over to the Department of Justice. Yet, if it is property designed for the manufacture of liquor, section 25 commands that it shall be destroyed, unless the court otherwise order. If the government is right, a truck hauling sugar may be destroyed; one hauling liquor made from the sugar, may not be. Congress never intended any such thing. In section 25 Congress was dealing with property which was designed for an illegal use; in section 26 it is dealing with property that is not designed for the manufacture of liquor, but is put by the owner to an illegal use.

Reading the two sections together, I have no doubt that Congress in section 25 was dealing with stills, agers, and other property designed for the manufacture of liquor; while in section 26 it was dealing with automobiles and other vehicles, designed for legitimate commerce, but which the owner uses in connection with an illicit business.

I conclude, therefore, that the motion to forfeit the truck should be denied, and an order entered returning it to the defendant, or his assigns, without cost to him.