## UNITED STATES v. ONE 1935 PONTIAC SEDAN.
### No. 5922.

District Court, D. Massachusetts.

Sept. 22, 1938.

John A. Canavan, U. S. Atty., and Robert W. Meserve, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

M. Edward Viola, of Boston, Mass., for claimant John Di Cicco.

Tyler, Eames & Reynolds, of Boston, Mass., for claimant General Motors Acceptance Corp.

McLELLAN, District Judge.

This libel was filed August 16, 1938, under Revised Statutes, § 3281, United States Code, Title 26, Section 1184, 26 U.S.C.A. § 1184, reading:

"Any person who shall carry on the business of a distiller without having given bond as required by law, or who shall engage in or carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, or any part thereof, shall, for every such offense, be fined not less than $100 nor more than $5,000, and imprisoned not less than thirty days nor more than two years. And all distilled spirits or wines, and all stills or other apparatus fit or intended to be used for the distillation or rectification of spirits, or for the compounding of liquors, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery, or in any building, room, yard, or inclosure connected therewith, and used with or constituting a part of the premises; and all the right, title, and interest of such person in the lot or tract of land on which such distillery is situated, and all right, title, and interest therein of every person who knowingly has suffered or permitted the business of a distiller to be

there carried on, or has connived at the same; and all personal property owned by or in possession of any person who has permitted or suffered any building, yard, or inclosure, or any part thereof, to be used for purposes of ingress or egress to or from such distillery which shall be found in any such building, yard, or inclosure, and all the right, title, and interest of every person in any premises used for ingress or egress to or from such distillery, who has knowingly suffered or permitted such premises to be used for such ingress or egress, shall be forfeited to the United States."

The libel alleges that on June 6, 1938, at Everett, in this district, Federal Officer J. E. Cataldo of the Alcohol Tax Unit, Bureau of Internal Revenue, Treasury Department, assisted by other Federal officers, "did seize as forfeited to the United States one 1935 Pontiac Sedan, * * * and the aforesaid Pontiac Sedan is now in Boston in said District in the custody of the District Supervisor, * * * Alcohol Tax Unit * * *." It is alleged that on June 6, 1938, the motor car was in an enclosure or yard connected with buildings in which were seized an unregistered still, some accessories, and some distilled spirits manufactured contrary to the provisions of the Internal Revenue Laws.

The question which at the close of the hearing on Tuesday of this week I decided against the United States, subject to its exception, is whether the Pontiac sedan became forfeited to the United States under the terms of the above-quoted statute. This in turn depends upon the construction of that part of the statute which provides for forfeiture of "all distilled spirits or wines and personal property found in the distillery, or in any building, room, yard, or inclosure connected therewith, and used with or constituting a part of the premises."

The evidence consisted of the testimony of Joseph E. Cataldo, who seized the motor vehicle, and John Di Cicco, who owned it subject to the rights of General Motors Acceptance Corporation under a conditional sale contract.

Joseph E. Cataldo testified in substance and I find that on June 6, 1938, he found in a two-family dwelling house numbered 131-133 Vine Street, Everett, an unregistered still, some accessories, and some cans of alcohol bearing no strip stamps. About 8 feet from the dwelling house was a two-car garage, and in it was the motor car

here involved. It bore 1937 registration plates, though the seizure was in June of 1938. The car was not registered in 1938. There was no odor of alcohol in the vicinity of the car, nor were there any cans of alcohol in the car or in the garage. The keys to the car were obtained from the claimant's wife, and it would not start under its own power. Some persons helped Mr. Cataldo push it out of the garage and onto the street. Though there was a battery in the car, it did not respond when he attempted to start. He had it pushed by another car in order to start it.

Basing my findings upon the testimony of the claimant John DiCicco, I find that he is and for some fourteen years has been a longshoreman, and lives about twelve blocks from the premises in question. His brother, who originally owned the car, died in July, 1937. The claimant made some use of the car that year, and then stored it. He became the owner, subject to the rights of the other claimant, General Motors Acceptance Corporation, sometime in May, 1938. Ten or twelve days before the seizure the claimant had the car towed to the Vine Street garage, where, as heretofore stated, it was seized on June 6, 1938. It was in dead storage when seized. Everyone living in the house on Vine Street was related to the claimant DiCicco by birth or marriage. There were two sets of keys to the car. His wife had one set and no set was ever left at Vine Street.

On cross-examination the United States Attorney offered a record of DiCicco's sentence to pay a fine of $25 in June, 1927, for transporting liquor. The United States Attorney suggested that this might be received as bearing upon the witness' credibility and also that it might bear upon the prayer of the finance company for mitigation of the forfeiture. No one objecting thereto, I received the record in evidence for whatever purpose it might be material.

No claim was made on behalf of the United States and no evidence adduced to show that the claimant DiCicco knew of the existence of the still, the libellant's contention being that no matter whether he did or not, the motor vehicle was subject to forfeiture.

Upon all the evidence I find also that the Pontiac sedan was not used in the liquor business in the year 1938, and that at no time in 1938, prior to its seizure, was it used in any other business conducted on the premises or elsewhere.

Construing the clause "all distilled spirits or wines and personal property found in the distillery, or in any building, room, yard, or inclosure connected therewith, and used with or constituting a part of the premises", the Supreme Court of the United States, in United States v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555, said [page 246]:

"* * * The second provision must therefore extend to some property not owned by the distiller, and to some property not fit or intended to be used in distilling spirits. In order to give it such effect as will show any reason for its insertion in the statute, it must be construed to intend, at least, that all personal property which is knowingly and voluntarily permitted by its owner to remain on any part of the premises, and which is actually used, either in the unlawful business, or in any other business openly carried on upon the premises, shall be forfeited, even if he has no participation in or knowledge of the unlawful acts or intentions of the person carrying on business there; and that persons who intrust their personal property to the custody and control of another at his place of business shall take the risk of its being subject to forfeiture, if he conducts, or consents to the conducting of, any business there in violation of the revenue laws, without regard to the question whether the owner of any particular article of such property is proved to have participated in or connived at any violation of those laws. The present case does not require us to go beyond this, or to consider whether the sweeping words 'all personal property' must be restricted by implication in any other respect, for instance, as to personal effects having no connection with any business, or as to property stolen or otherwise brought upon the premises without the consent of its owner."

■ The sweeping words "all distilled spirits or wines and personal property" should not be construed to include a motor vehicle not used in connection with any business and belonging to a person who has no connection with or knowledge of any violation of the Revenue Laws. See Kohler Company v. United States, 1 Cir., 33 F.2d 225, 66 A.L.R. 713, construing a different statute. Where it can be done without defeating its real object, the applicable statute should be so construed as neither to do violence to the Fifth Amendment, U.S.

C.A.Const. Amend. 5, nor to come near doing so.

■ The conclusion which was announced at the close of the hearing, and to which the libellant excepted, was in substance that the prayers of the libel should be denied, the motor vehicle restored to the claimant John DiCicco, and the libel dismissed. An order to this effect may be entered.

A word of explanation may here be added. When the foregoing conclusion was announced, no reason appeared for receiving evidence from the claimant General Motors Acceptance Corporation, and it was understood among all counsel that if the libellant's exception should be sustained an opportunity would later be afforded General Motors Acceptance Corporation to adduce evidence in mitigation of such forfeiture as might hereafter be declared. A provision to this effect may be inserted in the order dismissing the libel.