**Charles Russell JORDAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15914.**

United States Court of Appeals
Eighth Circuit.

April 29, 1958.

Pat Malloy, Tulsa, Okl., for appellant.

O. J. Taylor, Asst. U. S. Atty., Kansas City, Mo. (Edward L. Scheufler, U. S. Atty., and Joseph L. Flynn, Asst. U. S. Atty., Kansas City, Mo., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

This is a companion case to Lawson v. United States (McMurry v. United States) 8 Cir., 254 F.2d 706, in which we have already decided the issues. Appellant was charged with having, on the 22nd day of June, 1957, attempted to transport intoxicating liquor from the State of Missouri into the State of Oklahoma without the requisite permits. Trial was had before the court and a jury. The jury having found the defendant guilty as charged, judgment of conviction was entered pursuant to the verdict and appellant has appealed from the judgment of conviction so entered. Appellant will be referred to in the course of this opinion as defendant.

His sole ground for seeking reversal is that the court erred in denying his motion to dismiss upon the ground that the evidence upon which he was convicted was obtained under and by virtue of an illegal search and seizure.

At the very threshold of our inquiry we are met by a challenge to the sufficiency of the record to present any question for review by this court. We have meticulously examined every page of the printed record and this examination indicates that it was prepared in total disregard of the Federal Rules of Criminal Procedure and of the rules of this Court. While it is now urged that evidence obtained as a result of a seizure of intoxicating liquors contained in defendant's automobile while it was being transported was inadmissible, no objections were interposed to the admission of any evidence. It is also now stated in defendant's brief that a motion was interposed at the close of the entire evidence to dismiss the case upon the ground that the evidence obtained in the case was so obtained under and by virtue of an illegal search and seizure. No such motion, if in fact made, is set out in the printed record. The instructions to the jury are not set out in the record. In fact, there does not appear in the printed record a single adverse ruling. In this condition of the record the conclusion is inescapable that the evidence now claimed to have been obtained as a result of an unlawful search and seizure was admitted without objection, that there was never any motion presented to the trial court to suppress the evidence, nor was there interposed any motion at the close of all the evidence for a judgment of acquittal.

Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A., provides in substance that a motion to suppress evidence shall be made before trial or hearing unless opportunity therefor did not exist, or the defendant was not aware of the grounds for the motion, but that the court may in its discretion entertain such motion at the trial or hearing. In the instant case, as we have observed, no such motion was ever made. The rule

is not an arbitrary one. In the absence of such a motion the government is given no opportunity to, and in fact has no occasion to, prove the existence of facts and circumstances known to the seizing officers before making the seizure. During the trial, in the absence of any objection to the testimony, there was, of course, no occasion to offer any such testimony, and where the issue is raised on motion to suppress, as it ought to be, evidence is admissible in proof of probable cause which would not be admissible on the trial of the case. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Kroska v. United States, 8 Cir., 51 F.2d 330. Not only was the evidence now attempted to be challenged received without objection, but no motion was ever made to strike it from the record.

In this condition of the record we do not deem it essential to detail the evidence as to the facts and circumstances known to the seizing officers prior to the search and seizure now in controversy. That question was never made an issue before the trial court and, as observed, the record discloses no rulings adverse to any contention made by the defendant during the trial. We think the circumstances proven without objection, together with the inferences that might reasonably be drawn therefrom, were sufficient to warrant a reasonably prudent man in believing that defendant was illegally attempting to transport intoxicating liquor from the State of Missouri into the State of Oklahoma.

One bit of evidence may here be recalled. When the seizing officer halted defendant's car on the public highway defendant was asked how much liquor he had in the car, to which defendant replied, "Twenty-four cases". At the time of this statement no arrest had been made, nor had any search been undertaken. On this admission by defendant he was placed under arrest and as an incident to his arrest his automobile was searched and the liquor seized. To hold that the seizing officer did not have probable cause for searching the automobile under these circumstances would require

him to disbelieve the admission made by the defendant. In considering a somewhat similar situation, Justice Burton in a concurring opinion in Brinegar v. United States, supra [338 U.S. 160, 69 S.Ct. 1312], said:

"Whether or not the necessary probable cause for a search of the petitioner's car existed *before* the government agents caught up with him and said to him, 'How much liquor have you got in the car this time?' and he replied, 'Not too much,' it is clear, and each of the lower courts found, that, under all of the circumstances of this case, the necessary probable cause for the search of the petitioner's car *then* existed. If probable cause for the search existed at that point, the search which then was begun was lawful without a search warrant as is demonstrated in the opinion of the Court. That search disclosed that a crime was in the course of its commission in the presence of the arresting officers, precisely as those officers had good reason to believe was the fact. The ensuing arrest of the petitioner was lawful and the subsequent denial of his motion to suppress the evidence obtained by the search was properly sustained."

In Gilliam v. United States, 6 Cir., 189 F.2d 321, 322, the searching officer halted defendant's automobile and before arresting him asked, "How much whiskey have you got?" In answer defendant "reached down between his legs and got a little square jar, about a half pint size and said: 'Here it is.'" The officer then searched the car and found twenty-four half gallon jars of whiskey. In answer to the contention that the search and seizure were unlawful the court, among other things, said:

"Whether the search of an automobile without a warrant is valid depends upon whether the search is made upon probable cause, that is, upon a belief reasonably arising out of circumstances known to the officer

that the vehicle contains unstamped liquor. The question presented is not whether probable cause existed before the automobile was stopped and the officers talked with appellant. The question is whether the combination of what the officers saw with the reliable information they had received is probable cause to justify the search.

"The stopping of appellant's car was not an arrest. No intent to apprehend appellant was shown and no move was made to take him into custody at that time. The officers did not open the car door when it was stopped, nor state that appellant was under arrest, nor touch his person. At the commencement of the search, which was after the car had been stopped, reasonable grounds existed for believing that a felony was being committed, and the subsequent arrest was valid."

The contentions of defendant find no support in the record and we think they are wholly without merit. The judgment appealed from is affirmed.