Thomas Dickens, J.
The hub of this coram nobis motion is unlawful search and seizure.
This allegedly unconstitutional invasion had uncovered the illegal possession by defendant of a narcotic drug. As a result, an indictment followed for a violation of the statute. Defendant, thereafter, pleaded not guilty when arraigned on the indictment. Eventually, however, he compromised by entering a voluntary plea of guilty to the crime of felonious possession of a narcotic drug under the second count.
The present step, taken in order to be relieved of the convicted status in consequence of his revised plea, faces two insuperable blocks in the law, which bar the way to affirmative relief. They are:
1. The interposition of the guilty plea by defendant, who was, at that time, represented by an attorney, has had the terminating effect of a waiver vitiating any such contention (People v. Williams, 33 Misc 2d 538, decided by me in accord with relative citations), let alone the negligence of defendant, at the time of the trial, to inform the court of the situation known to defendant. (See Eli Frank, Coram Nobis, p. 134, par. 6.04 [f]; People v. Mons, 195 Misc. 479; 24 C. J. S., Criminal Law, § 1606 [7], snbd. b, p. 692.)
2. The failure by defendant to move for a suppression of the allegedly tainted evidence prior to the trial, has worked in the *63 likeness of an estoppel as to his right to raise the question as an issue at this stage of the case. (Zachary v. United States, 275 F. 2d 793; Jordan v. United States, 254 F. 2d 710.) The motion is, therefore, denied.