## UNITED STATES *v.* RYAN.

No. 49. Argued October 26, 27, 1931.—Decided November 23, 1931.

168

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher* and *Messrs. John J. Byrne* and *Paul D. Miller* were on the brief, for the United States.

*Mr. George D. Toole,* with whom *Mr. C. S. Wagner* was on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

Upon a libel filed by the United States in the District Court for Montana, praying the forfeiture of a bar, back bar, and other saloon furnishings and equipment, seized by federal prohibition agents, it was averred that, at the time and place of seizure, one Lewis had in his possession tax-unpaid intoxicating liquors for the purpose of selling or removing them in fraud of the revenue laws.

Respondent Ryan intervened, claiming the seized property as owner, and set up that none of it was designed for the manufacture of intoxicating liquors, or intended for use in violation of the National Prohibition Act, or subject

to forfeiture. At the trial it appeared from the evidence that at the time and place of seizure, the place being a so-called soft drink parlor, in fact used for the sale of intoxicating liquors as beverages, tax-unpaid liquor was possessed for sale and was being sold by Lewis. At the close of the evidence, both sides having moved for a directed verdict, the court withdrew the case from the jury and gave judgment for the Government, which the Court of Appeals for the Ninth Circuit reversed, holding that the forfeiture authorized by R. S. § 3453, 26 U. S. C. § 1185, is confined to chattels seized in places in which raw materials are manufactured into taxable articles in fraud of the revenue. 44 F. (2d) 951. This Court granted certiorari, 283 U. S. 816, to resolve the conflict between the decision below and that of the Court of Appeals for the Second Circuit, in *United States* v. *Ten Bottles of Scotch Whiskey*, 48 F. (2d) 545.

The only questions presented here are whether the seized articles are within the definition of the statute and whether forfeiture of them under § 3453 is barred by the arrest and prosecution of Lewis, who controlled or possessed them, for his violation of the National Prohibition Law.

Section 3453 [1] contains three clauses. The first authorizes forfeiture of taxable " articles " found in the posses-

---

[1] R. S. § 3453. "All goods, wares, merchandise, articles, or objects, on which taxes are imposed, which shall be found in the possession, or custody, or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal-revenue laws, or with design to avoid payment of said taxes, may be seized by the collector or deputy collector of the proper district, or by such other collector or deputy collector as may be specially authorized by the Commissioner of Internal Revenue for that purpose, and shall be forfeited to the United States. And all raw materials found in the possession of any person intending to manufacture the same into articles of a kind subject to tax for the purpose of fraudulently selling such

sion, custody or control of any person " for the purpose of being sold or removed by him in fraud of the internal revenue laws." The second authorizes forfeiture of " raw materials found in the possession of any person intending to manufacture the same into articles of a kind subject to tax," with intent to defraud the revenue. The third forfeits " all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or inclosure where such articles or raw materials are found." To support the respondent's contention it is necessary to read the phrase " such articles " in the third clause as not referring to the taxable " articles " possessed with intent to defraud the revenue described in the first, but only to the " articles of a kind subject to tax " mentioned in the second, read to mean taxable articles which have been manufactured on the premises. That the phrase should be taken to refer to the articles mentioned in both clauses would seem to be an admissible construction, less restrictive of its natural meaning than that urged.

We are not called upon to give a strained interpretation in order to avoid a forfeiture. Statutes to prevent fraud on the revenue are construed less narrowly, even though a forfeiture results, than penal statutes and others involving forfeitures. *United States* v. *Stowell,* 133 U. S. 1, 12; *Smythe* v. *Fiske,* 23 Wall. 374, 380; *United States* v. *Hodson,* 10 Wall. 395, 406; *Cliquot's Champagne,* 3 Wall. 114, 145; *Taylor* v. *United States,* 3 How. 197, 210.

manufactured articles, or with design to evade the payment of said tax; and all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or inclosure where such articles or raw materials are found, may also be seized by any collector or deputy collector, as aforesaid, and shall be forfeited as aforesaid. The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem in the circuit court or district court of the United States for the district where such seizure is made."

Section 3453 is a reënactment of § 9 of the Act of July 13, 1866, c. 184, 14 Stat. 98, 111, amending § 48 of the Act of June 30, 1864, c. 173, 13 Stat. 223, 240. The earlier sections, like the present one, are each made up of three clauses, connected by the conjunction " and." In the first two acts, they constitute a single sentence; but in the present section the first clause appears as one sentence and the other two are combined in a second sentence. The first two clauses of all three acts are substantially the same. The third clause of the Act of 1864 provided for forfeiture of " all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or enclosure where such articles on which duties are imposed, as aforesaid, and intended to be used by them [persons intending to manufacture] in the fraudulent manufacture of such raw materials, shall be found . . ." The apparent purpose was to embrace within the forfeiture at least all personal property seized in the place where taxable articles are found, but the further qualification of the taxable articles as those " intended to be used . . . in the fraudulent manufacture of such raw materials," seems meaningless unless the phrase be transposed and read as meaning " and such raw materials intended to be used . . . in the manufacture of such articles." This is the substance of the amendment of 1866, when the third clause took its present form. We think the purpose of it was to remove the ambiguity and uncertainty of the quoted phrase, and not to restrict the forfeiture to chattels associated with the illicit manufacture, to the exclusion of those associated with taxable articles possessed with the purpose to sell or remove in fraud of the revenue, which were evidently intended to be confiscable by the section as originally drawn. We cannot assume that so radical a change, if intended, would have been expressed by language so plainly capable of the opposite construction as that of the Act of 1866.

Nothing in the legislative history is suggested to indicate that such was the intention and there is no such plain or obvious distinction to be made, in a section devised for the protection of the revenue, between articles associated with illicit manufacture and those associated with illicit possession, each equally frauds upon the revenue, as to be persuasive that the present act was designed to hit the first and not the second. The companion section, 3450, authorizing the forfeiture of vehicles and horses used for propelling them, made no such distinction. By it, vehicles used for transporting or concealing taxable articles with the prescribed intent are forfeitable, as well as those used to transport or conceal contraband raw material or implements of manufacture. See *Goldsmith-Grant Co.* v. *United States,* 254 U. S. 505; *United States* v. *One Ford Coupe,* 272 U. S. 321.

The separation by the revisers of the first clause from the other two by a period instead of a semicolon, retaining the conjunction "And," and the dropping of the conjunction " also " from the second and third clauses, are changes hardly substantial enough to warrant any changed construction of the section. *McDonald* v. *Hovey,* 110 U. S. 619, 629; *Anderson* v. *Pacific S. S. Co.,* 225 U. S. 187, 199; see *Buck Stove Co.* v. *Vickers,* 226 U. S. 205, 213.

If the point were more doubtful, we should hesitate to set aside, at this late date, the uniform construction given to the section with respect to this question by the lower federal courts for more than sixty years. *United States* v. *Quantity of Rags,* Fed. Cas. No. 16103 (1868); *Quantity of Distilled Spirits,* Fed. Cas. No. 11494 (1868); compare *United States* v. *Thirty-Three Barrels of Spirits,* Fed. Cas. No. 16470 (1868); *United States* v. *Thirty-Six Barrels of High Wines,* Fed. Cas. No. 16468 (1870); see *United States* v. *Eighteen Barrels High Wines,* Fed. Cas. No. 15033 (1871); *United States* v. *Quantity of Tobacco,* Fed.

Cas. No. 16106 (1872); compare *United States* v. *Distillery at Spring Valley*, Fed. Cas. No. 14963 (1873); *United States* v. *Sixteen Barrels of Distilled Spirits*, Fed. Cas. No. 16300 (1879); *United States* v. *One Ice Box*, 37 F. (2d) 120 (N. D. Ill. 1930); *contra, In re Hurley*, 37 F. (2d) 397 (W. D. N. Y. 1930); *United States* v. *Ten Bottles of Scotch Whiskey*, 48 F. (2d) 545 (C. C. A. 2d, 1931). By the adoption of § 3453 in the Revised Statutes, as of December 1, 1873, without substantial change of the section as amended in 1866, Congress must be considered to have adopted the consistent interpretation of the latter as authorizing forfeiture of non-taxed articles found in a place in which taxed articles are either possessed or manufactured with intent to defraud the revenue. *Sessions* v. *Romadka*, 145 U. S. 29, 41–42; see *McCaughn* v. *Hershey Chocolate Co.*, 283 U. S. 488.

It is said that the construction urged by the Government is inadmissible because so broad as to lead to absurd results; that it would permit seizure of chattels having no relation to the taxable articles or their intended sale or removal, if anywhere in the same building or enclosure, and might include chattels possessed on the premises by others having no connection with the taxable articles or their intended sale or removal. But we do not so construe it. To do so would be to justify penalties having no relation to the offense, and the infliction of hardship on innocent persons unnecessary for the protection of the revenue. All laws are to be given a sensible construction. A literal application of a statute which would lead to absurd consequences is to be avoided whenever a reasonable application can be given which is consistent with the legislative purpose. *United States* v. *Katz*, 271 U. S. 354; *United States* v. *Jin Fuey Moy*, 241 U. S. 394; *United States* v. *Palmer*, 3 Wheat. 610, 631.

Notwithstanding the broad language of the section, we think it may be given a reasonable construction, and the

one most consistent with its apparent purpose, by the application of the principle *noscitur a sociis*. The taxed articles and the raw materials intended for manufacture are the principal things aimed at by the statute. Tools and implements by their use are connected incidents. By reason and analogy, as well as by context, we conclude that the general words "all personal property whatsoever" were intended to include chattels other than the specified tools and implements, but to be restricted to those which, like tools or implements, are related to one or the other of the principal things, or incident to their intended use or disposition in fraud of the revenue. See *United States* v. *Thirty-Three Barrels of Spirits, supra.* Here the seized articles, being the furnishings and equipment of a room in which tax-unpaid intoxicating liquors were dispensed, were incident to the sale, and were so related to the tax evasion at which the statute was aimed as to be clearly embraced within both its purpose and its words.

Respondent's objection that forfeiture under R. S. § 3453 is barred by the arrest and prosecution of the offender under the National Prohibition Act is without force. It is true that by the express command of § 26 of the National Prohibition Act, in all cases of arrest for transportation of intoxicating liquors, the transporting vehicle must be seized and proceedings for its forfeiture had under that section and not under R. S. § 3450. *Commercial Credit Co.* v. *United States,* 276 U. S. 226; *Richbourg Motor Co.* v. *United States,* 281 U. S. 528. But by § 5 of the Willis-Campbell Act of November 23, 1921, c. 134, 42 Stat. 222, 223, all penalties for violation of the revenue laws, not directly in conflict with any provision of the National Prohibition Act, are continued in force. See *United States* v. *One Ford Coupe, supra.* There is no question here of use of a vehicle for transportation, and there is nothing in the National Prohibition Act nec-

essarily or directly in conflict with the application given here to the provisions of § 3453.

*Reversed.*