216

## UNITED STATES v. ONE FORD PANEL TRUCK (JOHNSTON, Intervener).
### No. 1649.

District Court, S. D. Texas, Houston Division.
Aug. 1, 1932.

H. M. Holden, U. S. Atty., and M. S. Mc-Corquodale, Asst. U. S. Atty., both of Houston, Tex.

Ira J. Allen, of Houston, Tex., for intervener Ben H. Johnston.

KENNERLY, District Judge.

This is a suit by the United States of America against, and to forfeit, one Ford panel truck, license No. 100—685, Engine No. A1921914, and one lot of intoxicating liquor seized from unknown persons under the internal revenue act (section 1181, title 26, US CA). Ben H. Johnston, doing business as the Johnston Motor Company, intervenes, claiming a lien on the truck, and joining issue with the government. Intervener also insists that the government should proceed, if at all, against the truck under the National Prohibition Act, tit. 2, § 26 (section 40, title 27, USCA). Intervener gave bond with Paul Fulkes and Ira J. Allen, as sureties, and obtained possession of the truck. Such sureties are parties hereto. A jury was waived by the parties.

On August 12, 1931, about midnight, the truck was found by two city police officers parked on the street, in the city of Houston, and therein a quantity of intoxicating liquor (beer), having an alcoholic content of more than 4 per cent. At the time the truck was found, the engine was still warm as if it had been run, in an abandoned effort to start the truck, or in the truck being driven to the point where found. The keys were in the truck. No person was in or near the truck, and, although the officers waited and watched it for two hours, no person appeared, nor has since appeared, to claim it, except intervener, claiming a lien as stated. The beer was in bottles. Some of the bottles were in sacks, and some loose in the truck. No United States internal revenue tax had been paid on the beer.

It was shown that such truck was, about May 15, 1931, sold by intervener to one C. E. Clark, and that $296 of the purchase money remains unpaid, to secure which intervener has a valid lien. Intervener had no knowledge of, or connection with, the liquor, and is an innocent lienholder.

One Townsend, who runs a rooming house near where the truck was found, testified that about that time he had a roomer who had a Ford panel truck; that he became suspicious that this roomer was unlawfully selling intoxicating liquor, and made him leave. Such roomer left with his truck, and never came back. He thinks his name was Clark.

Intervener offered a judgment and sentence in this court against C. E. Clark, upon his plea of guilty of manufacture, transportation, and possession of intoxicating liquor, but it was shown that such judgment and sentence were for an offense wholly disconnected with the truck, and the liquor found therein. No person has been identified as being connected with, or indicted, arrested, or prosecuted in connection with, the liquor found in the truck.

The evidence is sufficient to support a finding, and I so find, that the truck, at the time of its discovery and seizure, was not being used to transport intoxicating liquor in violation of the National Prohibition Act. It is clear that, even if the owner of the liquor had been identified, on this evidence, a conviction for transportation under such act could not have been had. While the engine of the truck had been running a short time before it was found, it is not shown whether it had been recently driven there, or whether it had been standing there, and the engine had been started, preparatory to leaving, etc. Further, if it had been recently driven there, it is not shown whether it then contained the liquor, or whether the liquor was placed therein after it had stopped. Besides, no person has been identified as being the driver of the car.

I think the government has made a prima facie case that the truck was not at the time seized being used in transporting intoxicating liquor in violation of the National Prohibition Act, but was being used in violation of the revenue act (section 1181, title 26,

USCA). It seems that if, as intervener claims, this is not true, the whole matter could have been clarified by the intervener producing Clark, the owner of the truck.

(1) Under the facts as found, the government is entitled to judgment. U. S. v. One Ford Coupé, 272 U. S. 321, 332, 47 S. Ct. 154, 71 L. Ed. 279, 286, 47 A. L. R. 1025; U. S. v. Ryan, 284 U. S. 167, 176, 52 S. Ct. 65, 76 L. Ed. 224; U. S. v. One Buick (D. C.) 39 F.(2d) 107; Fisburn v. Jackson (D. C.) 55 F.(2d) 934; Two Certain Ford Coupé Automobiles v. U. S. (C. C. A.) 53 F.(2d) 187.

Let draft of judgment be prepared accordingly.