## UNITED STATES v. ONE 1935 CHEVROLET TRUCK, ENGINE NO. 5338647.

### No. 5470.

District Court, D. Massachusetts.

May 7, 1936.

Francis J. W. Ford, U. S. Atty. (by Charles W. Bartlett, Asst. U. S. Atty.), of Boston, Mass., for the United States.

Sol W. Waltman, of Springfield, Mass., for claimant.

BREWSTER, District Judge.

By this libel the forfeiture is sought of a Chevrolet truck, seized on premises constituting a yard in which stood a distillery. The proceeding is based on Rev.St. § 3453 (26 U.S.C.A. § 1620 (a) (2) ), on Rev.St. § 3281 (26 U.S.C.A. § 1184), and on Rev. St. § 3258 (26 U.S.C.A. § 1162).

The United Specialty Company, Inc., has filed a claim and answer. The answer challenges the right of the government to a decree of forfeiture. The truck, when seized, was not only in the yard connected with the distillery, but was then in the possession of either the proprietor of the distillery or one acting for him, and the truck was then loaded with 210 five-gallon cans suitable for containing distilled spirits. That the truck was subject to forfeiture on Rev.St. § 3281 or § 3258 can no longer be doubted, in view of United States v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555.

Assuming that plaintiff's pleadings may be regarded as an application for remission of the forfeiture under the Act of August 27, 1935 (27 U.S.C.A. § 40a), it is necessary to consider the evidence presented in order to determine whether claimant has brought its claim within the terms of the act. The act imposes three conditions

precedent to the granting of such an application.

1. Proof of ownership acquired in good faith.

2. That claimant "had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor." And

3. Requirements respecting pre-investigation not here material.

That the Specialty Company owned the truck, and had acquired it in good faith, is not open to dispute. The controlling question is whether the claimant has met the requirements of statute respecting knowledge or reason to believe that the truck would be used in violation of the laws of the United States. On this issue the facts briefly are these:

The Specialty Company is a corporation engaged in the business of buying and selling merchandise, including tin cans. It frequently sells them in large quantities for purposes wholly legitimate. On the morning of the day of the seizure, a party purchased of one Cohen, the treasurer and part owner of the corporation, 210 empty tin cans. The purchaser was known only slightly to Cohen, and this was not the first purchase. However, the evidence does not satisfy me that Cohen, or any other officer of the claimant corporation, had any knowledge or reason to believe that the cans were being purchased for use by a distiller of spirits. When the cans were sold, instructions were given the driver of the truck to deliver the same, and nothing then occurred which would be inconsistent with innocence as to the real purpose of the purchase. Instead of delivering the cans as he was instructed to do, the driver allowed the purchaser to take the truck in order to transport the cans to his place of business. The driver testified that he had been left alone in the store and that it was not convenient for him to attend to the delivery himself, and for that reason he allowed the purchaser to use the truck.

There were circumstances in connection with the delivery that would at least excite a suspicion that the driver of the truck may have had some reason to think that the purchaser was not acquiring empty cans for a wholly legitimate purpose; but I am reluctant to deprive the corporation of its property upon evidence which goes no further than to possibly arouse suspicion in the mind of an agent of the corporation who had no actual knowledge of the illegal transaction and who may, or may not, have suspected the unlawful use to which the merchandise was to be put.

I have found that no officer of the corporation had any knowledge or reason to believe that the transaction was not legitimate. If the agent was acting in collusion with the purchaser, and as such agent had acquired knowledge of the illegal purpose, it would seem doubtful whether such knowledge could be imputed to his principal. New England Trust Company v. Farr (C. C.A.) 57 F.(2d) 103.

In any event, inasmuch as these forfeiture statutes are extremely penal in nature, I am inclined to give the claimant the benefit of doubts arising in my mind respecting the reasonable belief, even though the statute casts upon the claimant the burden of proving want of knowledge of reasonable belief.

The prayer for a decree of forfeiture, therefore, is allowed. Claimant's petition for mitigation, under 27 U.S.C.A. § 40a, is also allowed.