## UNITED STATES v. ONE 26½ OZ. FULL BOTTLE OF LAWSON'S SCOTCH WHISKEY.

District Court, E. D. New York.
July 9, 1936.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (J. Wolfe Chassen, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for libelant.

Benedict S. Rosenfeld, of Brooklyn, N. Y., for claimant.

INCH, District Judge.

This action came on for trial and a jury was duly waived. There is no dispute of fact and these have been duly stipulated by consent of all parties.

The action was commenced by filing of a libel for forfeiture, by the United States, of certain spirits on which the tax has not been paid together with other articles and items of personal property seized at a place in Kew Gardens, Long Island, known as Dick's Tavern, Inc.

The owner of this place at first answered the libel but subsequently withdrew such claim and answer and consented to a decree of forfeiture.

However, a former employee of the owner had previously sued and recovered a judgment and this judgment had been placed in the hands of the city marshal for execution and he had already levied on the personal property so seized a day prior to the appearance on the scene of the government agents. The marshal had posted a notice of sale but left the judgment debtor in possession of the business pending such sale. This business was that of a bar, grill, and cabaret.

Said judgment debtor, Bernard Levy, thereupon interposed a claim and answer to the libel herein and now asserts that, as a matter of law, the government could not lawfully seize and cannot now forfeit, the said personal property already so levied upon by the said city marshal. I assume this means that he contends that the seizure of the government must be set aside and the property returned to the custody of the city marshal so that the latter, in performance of his duty, can then sell it and pay the amount due, so far as realized, to the judgment creditor. The sum of $200 had already been paid, on the judgment, on account, by the judgment debtor.

So far as the facts before me show there is no inference that this judgment does not represent a bona fide debt or that the usual procedure taken by the judgment creditor was anything but an honest effort by a diligent creditor to collect what was owed him in the manner provided by law.

It seems to me, however, that the government must succeed, and it is entitled to a decree in accordance with the prayer of its libel.

The mere fact that the city marshal had levied and thereby acquired a special property right in such property is not sufficient to prevent the government from seizing and forfeiting the property for a previous violation of federal law. The right to so seize and forfeit is found in section 3453 of the Revised Statutes, 26 U.S.C. § 1620(a), 26 U.S.C.A. § 1620(a), and section 201 of the Liquor Taxing Act 1934, 26 U.S. C. § 1152a, 26 U.S.C.A. § 1152a.

Aside from the question of whether this judgment creditor can properly here defend against this forfeiture, I think the authorities are in agreement that the mere fact of a levy having been made by a city or state officer is not sufficient to prevent the seizure by the government for a violation by the property seized.

Innocence is not material, but it is stipulated here that the arrest made at the same time as the seizure resulted in a plea of guilty and conviction.

One of the earliest cases setting forth the above principle is United States v. The

Reindeer, Fed.Cas. No. 16,144; The Slavers, 2 Wall. (69 U.S.) 383, 17 L.Ed. 911. Another is The Florenzo, Fed.Cas. No. 4,-886. These have not been disturbed ánd the like principle appears in J. W. Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; Richbourg Motor Co. v. United States, 281 U.S. 528–530, 50 S.Ct. 385, 74 L.Ed. 1016, 73 A.L.R. 1081; Various Items v. United States, 282 U.S. 577–581, 51 S.Ct. 282, 75 L.Ed. 558; United States v. Ryan, 284 U.S. 167–174, 52 S.Ct. 65, 76 L.Ed. 224; The Pilot (C.C.A.4) 43 F.(2d) 491–493; The Rethalulew (C.C.A.9) 51 F.(2d) 646–648.

To be sure, all courts are anxious to avoid any unseemly clash of authority, and there is no intention here to dispute the jurisdiction of the state court or the validity of the levy so far as it does not prevent the due seizure and forfeiture for its purposes by the government. Such cases as Senior v. Pierce (C.C.) 31 F. 625 and Beckett v. Sheriff Harford Co. (C.C.) 21 F. 32, state a proposition which is not disputed, but this does not mean that a state court can nullify the Revenue Laws of the United States.

The government is entitled to a decree.