### UNITED STATES v. FOREMAN.
### No. 8654.

Circuit Court of Appeals, Fifth Circuit.

March 15, 1938.

480

Malcolm E. Lafargue, of Shreveport, La., for the United States.

Dudley L. Guilbeau, of Opelousas, La., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment sustaining a demurrer and dismissing a libel for the forfeiture of certain money, on the ground that neither cause nor right of action was stated.

The libel is substantially in the language of Revised Statutes, § 3453, 26 U.S.C.A. § 1620(a) (2),[1] and seeks the forfeiture of $656 in currency and coin seized on the premises of appellee at the time of his arrest for the sale of tax-unpaid liquors, a small quantity of liquor being seized at the same time. Appellee does not question the right of appellant to seize and forfeit money under section 3453, where the receipt or collection of the money was directly related to the manufacture or sale of tax-unpaid liquors. Cf. United States v. One Machine for Corking Bottles, etc., D.C., 267 F. 501. He does contend that the property to be forfeited under the statutory description, "all tools, implements, instruments, and personal property whatsoever,"

must have some relation to the offense against the revenue laws denounced in the preceding sections, and that this along with the fact that the property was "in the place or building, or within any yard or enclosure where such articles or raw materials are found," being essential to forfeiture, is a necessary allegation of the libel. Cf. United States v. Ryan, 284 U.S. 167, 52 S.Ct. 65, 76 L.Ed. 224.

If appellee's position be correct, the defect in the libel is one which might have been cured by amendment. Failure of appellant to allege the essential connection with the contraband did not divest it of any rights in the property described which may have become vested by the seizure, subject to the forfeiture proceedings. The allegation of the libel that "the personal property * * * was in the place and building where the goods * * * in respect whereof the taxes imposed * * * had not been paid were found * * *" was sufficient to show appellant's right to proceed against the property. Coffey v. United States, 116 U.S. 427, 6 S.Ct. 432, 29 L.Ed. 681. Therefore, it was error to dismiss the libel without granting leave to amend the same if appellant should elect to do so. General Motors Acceptance Corp. v. United States, 8 Cir., 32 F.2d 121.

The procedure followed below was in accordance with the practice in the state court. Under that practice, if the demurrer had been sustained on the ground of no cause of action alone, an amendment would have been permitted. Being sustained on the ground of no right of action, an amendment was not permissible under the existing state practice. However, the Conformity Act, 28 U.S.C.A. § 724, does not apply to proceedings in rem for the forfeiture of property after its seizure for violation of the internal revenue laws. In such cases, the pleadings, practice, and forms and modes of proceeding are in general conformity to those in admiralty. Coffey v. United States, 117 U.S. 233, 6 S.Ct. 717, 29 L.Ed. 890; United States v. De Goer, D.C., 38 F. 80; United States v. Fifty Boxes and Packages of Lace, D.C., 92 F. 601.

---

[1] "(2) Raw Materials and Equipment. All raw materials found in the possession of any person intending to manufacture the same into articles of a kind subject to tax for the purpose of fraudulently selling such manufactured articles, or with design to evade the payment of said tax; and all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or inclosure where such articles or raw materials are found, may also be seized by any collector or deputy collector, as aforesaid, and shall be forfeited as aforesaid."

Admiralty Rule 23, 28 U.S.C.A. following section 723, provides for the allowance of amendments in matters of substance at any time before final decree. We do not think the final determination of this case should be permitted to turn on a technicality of pleading. It is the duty of the United States attorney to take all necessary steps to bring the matter to a final hearing on the merits. To this end, the judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.