## UNITED STATES v. ONE FORD STATION WAGON, ENGINE AND SERIAL NO. 910362, et al.

### No. 4125.

District Court, M. D. Pennsylvania.
Aug. 10, 1938.

---

Frederick V. Follmer, U. S. Atty., and Joseph P. Brennan, Ass't U. S. Atty., both of Scranton, Pa.

Max Rosenn, of Wilkes Barre, Pa., for claimant.

WATSON, District Judge.

This is a proceeding by the United States to forfeit two automobiles under the provisions of R.S. § 3281, as amended, 26 U.S. C.A. § 1184. The case was tried before the Court without a jury.

In February, 1937, investigators of the Alcohol Tax Unit of the Bureau of Internal Revenue in pursuance of a search warrant entered the premises of Isidor Karalus at No. 105 North Meade Street, Wilkes Barre, Pennsylvania. The entire premises consisted of a rectangular lot approximately 40 feet wide by 190 feet long. At the front of the lot facing North Meade Street was a dwelling house. From the dwelling house a board walk led to a one story building located on the rear of the lot facing North Logan Street and used as a store. Also facing Logan Street, and within the enclosure of the lot, was a two-car garage, separated from the store by a high board fence. The search warrant under which the officers acted was directed to the dwelling located on North Meade Street and the store located on Logan Street. It made no mention of the garage. An illegal still, together with mash and moonshine whiskey, were found in the basement of the house. Immediately after the still was found, Isidor Karalus was placed under arrest and the premises searched. No whiskey or other contraband was found on any part of the premises other than the dwelling house. In the dwelling house the agents seized 1 copper still in operation, 25 gal. complete with coils; 100 gals. mash in 2 50-gal. vats; 8 gals. 3 pints moonshine whiskey; 1 hydrometer and stand; 20 empty whiskey bottles; 4 gals. alcohol in receiving tank, just made; 3 barrels, empty. In the garage the agents found two automobiles which they seized, and these automobiles are the subject of this forfeiture proceeding. No personal property located in the store was seized, and no personal property of any kind was seized other than the still, mash, whiskey, alcohol and other articles referred to above as having been seized in the dwelling house and the two automobiles; this, notwithstanding the contention of the Government that all personal property found within the enclosure shall be forfeited to the United States.

The particular provision of the Statute under which forfeiture of the automobiles is sought is as follows:

"* * * And all distilled spirits or wines, and all stills or other apparatus fit or intended to be used for the distillation or rectification of spirits, or for the compounding of liquors, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery, or in any building, room, yard, or inclosure connected therewith, and used with or constituting a part of the premises * * * shall be forfeited to the United States." 26 U.S.C.A. § 1184.

[1] Literal interpretation of the Statute apparently requires the forfeiture of all personal property found on the premises regardless of its relation to the illegal operation. It is now well settled, however, that the language of the Statute must be read in the light of the language with which it is associated and the words "all personal property" are to be limited to such property as bears some relation to the illegal operations. United States v. Ryan, 284 U.S. 167, 52 S.Ct. 65, 76 L.Ed. 224; U. S. v.

Reilly, No. 2875, December Term, 1931 (M. D.Pa.) Opinion filed May 16, 1932.[1] In U. S. v. Ryan, supra, the Supreme Court was called upon to interpret the broad language of R.S. § 3453, 26 U.S.C.A. 1620 (a), which calls for the forfeiture of all "personal property whatsoever". In construing that Statute, the Court said (page 68):

"It is said that the construction urged by the government is inadmissible because so broad as to lead to absurd results; that it would permit seizure of chattels having no relation to the taxable articles or their intended sale or removal, if anywhere in the same building or inclosure, and might include chattels possessed on the premises by others having no connection with the taxable articles or their intended sale or removal. But we do not so construe it. To do so would be to justify penalties having no relation to the offense, and the infliction of hardship on innocent persons unnecessary for the protection of the revenue. All laws are to be given a sensible construction. A literal application of a statute which would lead to absurd consequences is to be avoided whenever a reasonable application can be given which is consistent with the legislative purpose. United States v. Katz, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986; United States v. Jin Fuey Moy, 241 U.S. 394, 36 S.Ct. 658, 60 L.Ed. 1061 [Ann. Cas.1917D, 854]; United States v. Palmer, 3 Wheat. 610, 631, 4 L.Ed. 471.

"Notwithstanding the broad language of the section, we think it may be given a reasonable construction, and the one most consistent with its apparent purpose, by the application of the principle noscitur a sociis. The taxed articles and the raw materials intended for manufacture are the principal things aimed at by the statute. Tools and implements by their use are connected incidents. By reason and analogy, as well as by context, we conclude that the general words 'all personal property whatsoever' were intended to include chattels other than the specified tools and implements, but to be restricted to those which, like tools or implements, are related to one or the other of the principal things, or incident to their intended use or disposition in fraud of the revenue. See United States v. Thirty-Three Barrels of Spirits, supra [Fed.Cas. No. 16,470]."

In United States v. Reilly, supra, this Court recognized the restriction on the broad language of R.S. § 3453, 26 U.S.C.A. § 1620(a), imposed by the Supreme Court.

The Statute involved in the present proceedings is substantially the same as R.S. § 3453, the latter relating to forfeiture of property in connection with virtually any fraud on the Internal Revenue Laws, while the Statute involved in the present proceedings is restricted in its application to fraud on Internal Revenue Laws relating to liquor. The purposes of the Statutes are the same, R.S. § 3281 being merely a specific application of R.S. § 3453, and their interpretation should be the same. Considerations which impel limitation of the language of the one apply with equal force to the other.

The case of United States v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555, relied upon by the Government, does not decide the specific question involved in this case. In fact, the Supreme Court at page 14 of the opinion in that case, 10 S.Ct. 244, specifically stated that the case did not require a decision whether the sweeping words "all personal property" should be restricted as to personal property having no connection with the business. In the case of U. S. v. One 1935 Chevrolet Truck, D.C., 14 F.Supp. 777, also relied upon by the Government, the truck sought to be forfeited contained cans suitable for containing distilled spirits.

It is my conclusion that R.S. § 3281 permits forfeiture of only such personal property as bears some relation to the offense condemned in the Statute and has no application to property having no connection with the offense. Applying this principle to the facts of this case, the conclusion is inevitable that the automobiles should not be forfeited. They were found in a garage some distance from the illegal still and no contraband of any kind was found in them or in the garage in which they were located. There is nothing in the evidence connecting the automobiles in any way with the offense condemned, and there is no evidence from which it could be found that the automobiles were actually used either in the unlawful business or any other business openly carried on upon the premises as was found as to the personal property forfeited in United States v. Stowell, supra.

The Libel of Information is dismissed.

---

[1] No opinion for publication.