## UNITED STATES v. JENELLO.
### No. 6444.

Circuit Court of Appeals, Third Circuit.
March 14, 1939.

Brien McMahon, Asst. Atty. Gen., Blair N. Ilderton, of Philadelphia, Pa., Sp. Atty., Alcohol Tax Unit, for appellant.

John Memolo, John W. Crolly, J. Julius Levy, and A. M. Lucks, all of Scranton, Pa., for appellee.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Middle District of Pennsylvania. The United States filed a libel praying the forfeiture of a large quantity of distilled spirits, a safe and its contents. This property had been seized by federal revenue agents in the home of Ruth and Peter Jenello. It is averred in the libel that no tax had been paid upon the distilled spirits and that the intent was to possess, sell and remove the same in fraud of the revenue. Ruth Jenello, the appellee herein, intervened and claimed the safe and some of its contents, namely, thirty-six rings and $5,430 in currency, as her personal property. The District Court found, we think upon sufficient evidence, that the appellee sustained her claim of ownership as to the rings and currency. The appellee also successfully argued that the rings and currency bore no relation to the tax-unpaid articles and that they, therefore, could not be forfeited.

The libel was filed pursuant to Rev.St. § 3453, 26 U.S.C.A. §§ 1620(a), 1621, which provides: "All goods, wares, merchandise, articles, or objects, on which taxes are imposed, which shall be found in the possession, or custody, or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal revenue laws, or with design to avoid payment of said taxes, may be seized by the collector or deputy collector of the proper district, or by such other collector or deputy collector as may be specially authorized by the Commissioner [of Internal Revenue] for that purpose, and shall be forfeited to the United States. * * * All raw materials found in the possession of any person intending to manufacture the same into articles of a kind subject to tax for the purpose of fraudulently selling such manufactured articles, or with design to evade the payment of said tax; and all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or inclosure where such articles or raw materials are found, may also be seized by any collector or deputy collector, as aforesaid, and shall be forfeited as aforesaid. * * * The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem in the district court of the United States for the district where such seizure is made."

An exhaustive analysis of this section of the Act was made by the Supreme Court in United States v. Ryan, 284 U.S. 167, 52 S.Ct. 65, 67, 76 L.Ed. 224. It was

there held that a bar, back bar and other saloon furnishings and equipment seized on premises where tax-unpaid intoxicating liquors were found could be forfeited. The limits to which the forfeiture provisions of this section of the Act may be extended are defined. The Court there said:

"Section 3453 contains three clauses. The first authorizes forfeiture of taxable 'articles' found in the possession, custody, or control of any person 'for the purpose of being sold or removed by him in fraud of the internal-revenue laws.' The second authorizes forfeiture of 'raw materials found in the possession of any person intending to manufacture the same into articles of a kind subject to tax,' with intent to defraud the revenue. The third forfeits 'all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or inclosure where such articles or raw materials are found.' * * *

" * * * By the adoption of section 3453 in the Revised Statutes, as of December 1, 1873, without substantial change of the section as amended in 1866, Congress must be considered to have adopted the consistent interpretation of the latter as authorizing forfeiture of non-taxed articles found in a place in which taxed articles are either possessed or manufactured with intent to defraud the revenue. * * *

"It is said that the construction urged by the government is inadmissible because so broad as to lead to absurd results; that it would permit seizure of chattels having no relation to the taxable articles or their intended sale or removal, if anywhere in the same building or inclosure, and might include chattels possessed on the premises by others having no connection with the taxable articles or their intended sale or removal. But we do not so construe it. To do so would be to justify penalties having no relation to the offense, and the infliction of hardship on innocent persons unnecessary for the protection of the revenue. All laws are to be given a sensible construction. A literal application of a statute which would lead to absurd consequences is to be avoided whenever a reasonable application can be given which is consistent with the legislative purpose. * * *

"Notwithstanding the broad language of the section, we think it may be given a reasonable construction, and the one most consistent with its apparent purpose, by the application of the principle noscitur a sociis. The taxed articles and the raw materials intended for manufacture are the principal things aimed at by the statute. Tools and implements by their use are connected incidents. By reason and analogy, as well as by context, we conclude that the general words 'all personal property whatsoever' were intended to include chattels other than the specified tools and implements, but to be restricted to those which, like tools or implements, are related to one or the other of the principal things, or incident to their intended use or disposition in fraud of the revenue. * * *"

In the instant case there is no relationship between the rings and currency found in the safe and the possession and sale of the tax-unpaid distilled spirits found on the Jenello premises.

Verbatim reports of thirty-two telephone conversations were read into the record. This testimony is relied upon as proof that the currency in the safe was derived from and used in the sale of distilled spirits. We have disregarded this testimony since it was obtained by government agents by means of wire tapping and in violation of the Federal Communications Act of 1934, 47 U.S.C.A. § 151 et seq. It was ruled by the Supreme Court as to interstate communications that evidence so obtained is inadmissible. Nardone v. United States, 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314. We recently construed the Act to apply to intrastate communications as well. Sablowsky v. United States, 3 Cir., 101 F.2d 183.

We conclude that the libel was properly dismissed as to the rings and currency.

Following the seizure the Commissioner of Internal Revenue assessed the appellee for unpaid taxes and levied upon the rings and currency which were still in the possession of the United States Marshal for the Middle District of Pennsylvania. The Government filed a petition to enforce the lien created by the levy. It is nowhere alleged in the petition that the Commissioner certified an assessment list to the Collector or that he certified the additional assessment against the appellee as required by Rev.St. § 3182, 26 U.S.C.A. §§ 1530–1533. The District

Court properly dismissed the petition on this ground.

The decree is affirmed.