## UNITED STATES v. STEWART TRUCK, MOTOR NO. S. A. 63214.

### Civ. No. 534.

District Court, W. D. New York.

Jan. 21, 1941.

George L. Grobe, U. S. Atty. in and for Western District of New York, of Buffalo, N. Y. (Goodman A. Sarachan, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for libellant.

Edmund Clynes, of Rochester, N. Y., for claimant.

KNIGHT, District Judge.

This is a libel against the above-described truck which was seized at the Clarence Doty farm, Ogden, New York, by United States Internal Revenue Agents. The truck just before its seizure was driven on the premises by one Frank Belluscio. Upon his person was found the key to a padlock upon the barn in which a still was located. Belluscio was identified by the owner of the premises as the man who had rented the building in which the still was found. The truck was owned by Rose Columbo who is the claimant in this action. This was the first time that the truck had been rented from the claimant by Belluscio. There was nothing in the truck at the time it was seized.

The libel contains three causes of forfeiture each under the Internal Revenue Code, 26 U.S.C.A.; one under section 3321, the second under section 2831, and the last under section 2810. The United States has not furnished any evidence tending to show that this truck was used for the purposes enumerated in either section 3321 or 2831.

The question involved arises under section 2810, supra. That section provides that every person having in his possession or custody or under his control any still or distilling apparatus set-up shall register the same with the Collector of the District in which the still is located. The pertinent part reads: "Every still or distilling apparatus not so registered, together with all personal property in the possession or custody, or under the control of such person, and found in the building, or in any yard or inclosure connected with the building in which the same may be set up, shall be forfeited."

The case of United States v. Ryan, 284 U.S. 167, 52 S.Ct. 65, 76 L.Ed. 224, has established the construction to be given to the words "together with all personal property." In that case the court in construing a statute containing almost identical wording says that they do not think that the statute should be construed to mean that the government could seize any articles within the yard having no connection with the taxable articles or their intended sale or removal. At page 175 of 284 U.S., at page 68 of 52 S.Ct., 76 L.Ed. 224, Mr. Justice Stone says: "A literal application of a statute which would lead to absurd consequences is to be avoided whenever a reasonable application can be given which is consistent with the legislative purpose." He then determines that the legislative purpose was to declare forfeited all personal property connected with or related to the evasion of the revenue tax laws. This construction of the words "All personal property * * * shall be forfeited" when used in an Internal Revenue Statute has been followed ever since. See United States v. One 1935 Pontiac Sedan, D.C., 24 F.Supp. 745; United States v. About 151.-682 Acres of Land, 7 Cir., 99 F.2d 716; United States v. One Ford Station Wagon, 24 F.Supp. 350; United States v. Jenello, 3 Cir., 102 F.2d 587; United States v. One Ford Coupe, 1937 Model, D.C., 33 F.Supp. 291.

Applying this construction to the case at bar, it becomes apparent that the personal property must in some way be connected with the operation of an unlicensed still before it is subject to forfeiture for the legislative purpose is to prevent the operation of unlicensed stills. The burden of proof that the Stewart Truck in question was so used rests upon the government. United States v. About 151.682 Acres of Land, supra.

The only proof which the Government offered connecting this truck with the operation of the unlicensed still was that the man who rented the barn in which the still was located drove the truck up to the back door of the farm house upon the same premises. He was arrested and the key to the barn was found upon his person. No case cited by the government is in point or sheds any light upon the particular point raised here. United States v. One Graham Truck, D.C., 39 F.2d 141, was a case in which the truck was seized while being loaded with cans commonly used for the transportation of liquor and the truck was alongside the house wherein the still was found. United States v. One Chevrolet Truck, D.C., 14 F.Supp. 777, was a case in which the truck was being loaded with contraband. United States v. One Ford Coupe, supra, is the case cited by the government which is the closest of any such to the case at bar, but there the car was in a garage in which large quantities of raw materials and cans were stored, and from which these materials were being taken to another car outside the garage. The car there may well be said to have far more intimate connection with the still than here.

While the still was on the Doty farm and the residence at which the seizure was made was on the same farm, there is nothing to show how far the still building was from the residence, whether there were other buildings on the farm, or whether the car was seized in the driveway leading to the still building. This all goes to the question of whether the seizure was made "in any yard or inclosure connected with the building" in which the still was located. Had the seizure been made upon the highway indubitably the seizure would have been unlawful. It may fairly be argued that Belluscio was going in the truck to the still building with which it appears he was connected in some way. He was being transported in this truck, but aside from the question of his destination as bearing on the right of forfeiture, it does not appear that the seizure was made at a place coming within the prohibition of the statute.

Order of forfeiture denied and libel dismissed.