**UNITED STATES v. ONE 1940 PLYMOUTH SEDAN MOTOR NO. 13,340.**

No. 6355.

District Court, D. Massachusetts.

Feb. 24, 1942.

Edmund J. Brandon, U. S. Atty., of Boston, Mass., and Joseph M. Hargedon, Asst. U. S. Atty., of Lawrence, Mass., for the United States.

John H. Backus, Leonard Poretsky, and Abraham Saxe, all of Boston, Mass., for Mildred E. Sedgewick.

SWEENEY, District Judge.

The Government seeks a decree of forfeiture against one 1940 Plymouth Sedan for alleged violation of 26 U.S.C.A., Int. Rev.Code, §§ 2810, 2833, and 2834.

### Findings of Fact.

The claimant of this automobile, Mildred E. Sedgewick, did not testify in these proceedings. The court takes notice of the fact that, after trial, she had been convicted of conspiracy to violate, while three of her co-conspirators had been convicted of directly violating, the sections of Title 26 set forth above. She was the owner and occupant of a dwelling house on a fairly large farm. The area in which she had her home and garage was surrounded by a wire fence on three sides and a stone wall on the front. This area was a small part of the entire farm. To the rear of the back fence were some outbuildings which had formerly been used as henneries, a garage, and a barn. Access to these buildings could be had either over a driveway running through the fenced inclosure or over another driveway running to the south of the fenced inclosure, and thence directly to the buildings.

The automobile in question was registered in the name of the claimant. She had no license to drive. The car was paid for by her, although it was selected by the person who was actually engaged in running the illegal still which was located in one of the outbuildings. The car had been used by the still owner on at least one occasion to convoy a truck away from the premises. The claimant accompanied him on this venture. At the time of the seizure the car was within the fenced inclosure of her home. In the rear of the car were found minute traces of sugar, and other slight evidence which would indicate that the car had been used to convey products to and from the distillery. It can hardly be asserted that the claimant had no knowledge that the rear premises were being used as a still for she has been found by this court to have been privy to the venture. That is, she was a co-conspirator.

I am satisfied from the evidence and find that this car was used by the distiller in connection with his illegal business. Although it is unnecessary to make such a finding (see United States v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555), I find that the claimant had knowledge that the car was being used in the conduct of the illegal enterprise. It is unnecessary to support a decree of forfeiture to make a finding as to the true owner of this car.

### Conclusion of Law.

From the foregoing facts I rule that the 1940 Plymouth Sedan, Motor No. 13,340, is forfeited to the United States.