## UNITED STATES v. ONE CHEVROLET SEDAN.

### No. 165.

District Court, D. Rhode Island.

March 24, 1944.

George F. Troy U. S. Atty., and Joseph Veneziale, Asst. U. S. Atty., both of Providence, R. I., for plaintiff.

Jeremiah S. Jeremiah, of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This is a libel against a 1937 Chevrolet sedan bearing engine number 365194 and serial number 2 GAO—25342 which was seized in a garage within the yard and inclosure connected with and used with and constituting a part of the premises at 51 Quaid Street, Providence, R. I., by United States Internal Revenue Agents.

The United States contends that said automobile which was registered in the name of Charles Nicola is forfeited to the United States under the provisions of Secs. 2833 and 2810 of Title 26 U.S.C.A.Int.Rev.Code. Section 2810 provides in part:

"Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register the same with the collector of the district in which it is * * *.

"Every still or distilling apparatus not so registered, together with all personal property in the possession or custody, or under the control of such person, and found in the building, or in any yard or inclosure connected with the building in which the same may be set up, shall be forfeited."

Sec. 2833 provides that any person who shall carry on the business of a distiller without having given bond as required by law, or who shall engage in or carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, shall be penalized in the manner therein stated. It also provides that "personal property found in the distillery or in any building, room, yard, or inclosure connected therewith, * * * shall be forfeited to the United States."

On June 8, 1942, Nicola pleaded guilty in this court to an indictment charging him with violations of Secs. 2810, 2833 and 2834 of Title 26, U.S.C.A.Int.Rev.Code.

On August 31, 1942, Nicola filed a motion entitled "Motion to dismiss libel of information and to return said Chevrolet Sedan to its owner Charles Nicola." At the hearing it was stipulated that said motion should be considered by the court as a proper claim by Nicola for the return of said sedan to him.

On May 8, 1942, investigators of the Alcoholic Tax Union, acting under the authority of a search warrant, searched the second floor dwelling and attic of Nicola located at said 51 Quaid Street and seized a 15 gallon still set up and in operation in the attic, another 15 gallon still without a "goose", about 110 gallons of mash, about 5 gallons of distilled spirits, whiskey coloring matter, 75 pounds of raisins used for mash, about 25 empty jugs and several bottles.

The dwelling house is a 2½ story building. There was a three compartment garage located about thirteen feet in the rear. An electric light wire from Nicola's tenement was connected to the compartment of the garage in which the agents seized the Chevrolet sedan. No contraband was found in the garage or sedan.

An agent testified that he found several dead crabs in the sedan and that he got a peculiar odor from dark colored stains that were found on the floor of the sedan. He thought it was a fish odor but was not sure. The agent moved the sedan to a public garage on May 8, 1942. About five weeks later, on June 16th, he visited the public garage. He testified that he got a peculiar and sickening odor from the sedan at that time which bore a similarity to the odor of moonshine seized in Nicola's house. He further testified that he had no knowledge that the sedan was ever used in connection with the illegal traffic in liquor.

Nicola, who is seventy-seven years of age, admitted ownership of the sedan. He testified that he did not have an operator's license and was unable to drive; that the automobile was given to him by his son and that he used it to carry his tools which he used in his trade as a bricklayer and that it was necessary for him to hire a driver whenever he used the automobile. He denied using the car in transporting any of the articles seized by the government agents.

 In the case of United States v. Stewart Truck, Motor No. S. A. 63214, D. C., 36 F.Supp. 353, 354, the court said:

"The case of United States v. Ryan, 284 U.S. 167, 52 S.Ct. 65, 76 L.Ed. 224, has established the construction to be given to the words 'together with all personal property.' In that case the court in construing a statute containing almost identical wording says that they do not think that the statute should be construed to mean that the government could seize any articles within the yard having no connection with the taxable articles or their intended sale or removal. At page 175 of 284 U.S., at page 68 of 52 S.Ct., 76 L.Ed. 224, Mr. Justice Stone says: 'A literal application of a statute which would lead to absurd consequences is to be avoided whenever a reasonable application can be given which is consistent with the legislative purpose.' He then determines that the legislative purpose was to declare forfeited all personal property connected with or related to the evasion of the revenue tax laws. This construction of the words 'All personal property * * * shall be forfeited' when used in an Internal Revenue Statute has been followed ever since. See United States v. One 1935 Pontiac Sedan, D.C., 24 F.Supp. 745; United States v. About 151.682 Acres of Land, 7 Cir., 99 F.2d 716; United States v. One Ford Station Wagon, [D.C.], 24 F. Supp. 350; United States v. Jenello, 3 Cir., 102 F.2d 587; United States v. One Ford Coupe, 1937 Model, D.C., 33 F.Supp. 291.

"Applying this construction to the case at bar, it becomes apparent that the personal property must in some way be connected with the operation of an unlicensed still before it is subject to forfeiture for the legislative purpose is to prevent the operation of unlicensed stills. The burden of proof that the Stewart Truck in question was so used rests upon the government. United States v. About 151.682 Acres of Land, Supra."

 The evidence which the government offered connecting this sedan with the operation of the unregistered still was that of the agent who testified that on June 16, 1942, he got a peculiar and sickening odor from the sedan which bore a similarity to the odor of the moonshine seized. The sedan on that date had been stored in a public garage for about five weeks. Such opinion evidence by the government agent is not convincing to me.

The government has cited in support of its case, United States v. One 1940 Plymouth Sedan, Motor No. 13,340, D.C., 44 F. Supp. 590; United States v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555, and United States v. One 1935 Pontiac Sedan, D.C., 24 F.Supp. 745. These cases, in my opinion, are not applicable. The case of United States v. Stewart Truck, Motor No. S. A. 63214, supra, is, however, relevant to the instant case.

I find that said Chevrolet sedan was not connected with or related to the evasion of the revenue tax laws.

The prayer of the government that said Chevrolet sedan be condemned by decree of forfeiture is denied and the libel is dismissed.

An order may be entered returning said Chevrolet sedan to the claimant.